UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOEL BECK, | Case No. 3:19-cv-00545-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| NATIONSTAR MORTGAGE, *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

In this removed action, Plaintiff Joel Beck alleges that Defendants wrongfully foreclosed on his home ("the Property") without notifying him of his right to participate in a foreclosure mediation program. Plaintiff then moved to remand ("Motion") on procedural grounds.[1] (ECF No. 17.) For the reasons discussed herein, the Court grants Plaintiff's Motion.

**II.    BACKGROUND**

On July 29, 2019, Plaintiff filed his Complaint in the Ninth Judicial District Court of Douglas County, Nevada. (ECF No. 1-8 at 25.) Plaintiff alleges that First American Trustee Servicing Solutions, LLC ("First American"), Nationstar Mortgage LLC dba Mr. Cooper ("Nationstar") and Wells Fargo Bank, N.A., as Trustee for Securitized Trust Structured Adjustable Rate Mortgage Loan Trust Series 2007-3 ("Wells Fargo"), failed to engage in a foreclosure mediation program. (*Id.* at 25-26.) The Complaint describes the action as being brought for "negligent misrepresentation and fraud in failing to engage in [m]ediation." (*Id.* at 26.) But in gist Plaintiff alleges that Defendants failed to comply with

---

[1] The Court has reviewed Defendants' response (ECF No. 22) and Plaintiff's amended reply (ECF No. 25). Plaintiff amended his initial reply (ECF No. 23) after the deadline for filing his reply without seeking leave of court and without explaining the reason for the amended filing. Regardless, the Court will consider the amended reply.

state law requiring foreclosure mediation—Defendants failed to inform him of his right to request mediation before they foreclosed on the Property, then claimed they were not required to participate in the mediation, and subsequently claimed they did send Plaintiff "the Petition for Mediation Assistance." (*Id.* at 26-28.) Plaintiff requested as relief that the Court order Defendants "to provide Plaintiff with Mediation Proceedings as stipulated under Nevada Law." (*Id.* at 28.)

On August 12, 2019, Plaintiff amended his Complaint ("FAC") to assert several state law claims, including failure to comply with Nevada Mediation Law, fraud in concealment, negligent representation, lack of standing, extinguishment of lien, unjust enrichment, intentional infliction of emotional distress, wrongful foreclosure, and quiet title. (*Id.* at 5.) The FAC further requests attorneys' fees, expenses and damages. (*Id.*)

On August 30, 2019, Nationstar and Wells Fargo ("Removing Defendants") filed the petition for removal based on diversity jurisdiction. (ECF No. 1 ("Petition").) On September 30, 2019, Plaintiff filed his Motion, seeking remand.[2] (ECF No. 17.)

### III. MOTION TO REMAND

Plaintiff's Motion asserts procedural challenges to removal.[3] Plaintiff does not dispute, and the Court finds, that diversity jurisdiction exists as Removing Defendants allege in the Petition. (ECF No. 1.) *See* 28 U.S.C. § 1332(a). Complete diversity of citizenship exists among opposing parties,[4] and as discussed below, the amount in controversy exceeds $75,000. The parties' dispute centers on when Defendants were on

---

[2] The original deadline for Plaintiff to file his Motion to Remand would have been Sunday of September 29, 2019, but that deadline extended to the following Monday per Federal Rule of Civil Procedure 6(a)(1)(C).

[3] Because the Court agrees with Plaintiff that removal was timely, the Court declines to address Plaintiff's procedural challenge relating to consent to removal. (ECF No. 22 at 5-6.)

[4] Plaintiff is a Nevada citizen. (ECF No. 1-2 at 3.) Meanwhile, Defendant Wells Fargo is a South Dakota citizen, *see Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006), and Defendant Nationstar is a citizen of Delaware and Texas, *see Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). (ECF No. 1 at 2-3.)

1 notice as to the amount in controversy so as to trigger the statutorily required 30-day
2 period to remove. Plaintiff argues that removal was untimely because Removing
3 Defendants were on notice when they received the initial Complaint on July 30, 2019.
4 (ECF No. 17 at 4; *see also* ECF No. 1-8 at 19.) Removing Defendants counter that the
5 clock triggered on August 14, 2019, when Plaintiff filed and served his FAC—adding his
6 quiet title claim and putting Defendants on notice that the amount in controversy exceeds
7 $75,000. (ECF No. 22 at 3.)

8     28 U.S.C. § 1446(b)(2)(B) provides that "each defendant shall have 30 days after
9 receipt by or service on that defendant of the initial pleading or summons . . . to file the
10 notice of removal." However, "if the case stated by the initial pleading is not removable, a
11 notice of removal may be filed within 30 days after receipt by the defendant, through
12 service or otherwise, of a copy of an amended pleading, motion, order or other paper
13 from which it may first be ascertained that the case is one which is or has become
14 removable." *See id.* § 1446(b)(3).

15     Plaintiff's case as stated in the initial Complaint was removable. For a valid
16 nonjudicial foreclosure sale to occur, NRS §§ 107.080 and 107.086 require that the
17 trustee serve the homeowner with an election-of-mediation form, which Plaintiff claims
18 did not happen. (ECF No. 1-2 at 4.) *See Edelstein v. Bank of New York Mellon,* 286 P.3d
19 249, 255 (2012). Although the initial Complaint—filed *pro se*—did not expressly seek any
20 monetary damages or injunctive relief, the Court "liberally construe[s] [Plaintiff's] inartful
21 pleading" as seeking injunctive relief to either stop or unwind foreclosure on his home.[5]
22 *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454
23 U.S. 364 , 365 (1982)); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (holding
24 that courts must "strictly construe the removal statute against removal jurisdiction"). As
25 noted here, the Complaint stated as a prayer for relief that Defendants be ordered "to

---

[5]There is some discrepancy as to when the foreclosure sale occurred. Although a notice of trustee sale attached to the Petition sets the auction for April 17, 2019 (ECF No. 6 at 2), Plaintiff says the sale took place on July 31, 2019, two days after he filed his initial Complaint (ECF No. 25 at 2).

provide Plaintiff with Mediation Proceedings as stipulated under Nevada Law." (ECF No. 1-8 at 28.) Plaintiff's request is essentially for injunctive relief, which if denied, would result in foreclosure of the Property. Where a plaintiff seeks such injunctive relief, the real property is the object of litigation and its value is the proper measure of the amount in controversy. *See Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir.1973) (treating the value of real property as the amount in controversy in an action to enjoin a foreclosure sale); *Delgado v. Bank of Am. Corp.*, 2009 WL 4163525, at *6 (E.D. Cal. 2009) (holding a property that "has already been sold in foreclosure . . . may still be the object of the litigation when the plaintiff sues for injunctive relief"). Removing Defendants assert that the Douglas County assessor records show the Property value from 2019 to 2020 is $133,595.00 (ECF No. 1-7)—exceeding the $75,000 threshold for satisfying the amount in controversy. *See* 28 U.S.C. § 1332(a).

Because Plaintiff's case as stated in the initial Complaint was removable, the Court finds that removal was untimely because Removing Defendants did not file the Petition within 30 days of receiving the initial Complaint. (ECF No. 17 at 4.)

## VI. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Plaintiff's Motion.

It is therefore ordered that Plaintiff's Motion to Remand (ECF No. 17) is granted. This case will be remanded.

The Clerk of Court is instructed to close this case.

DATED THIS 6th day of November 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

4